{¶ 18} The trial court found that the four year statute of limitations began to run in May, 1999, when plaintiffs discovered damage to their property. The majority today reaches the same conclusion.
 {¶ 19} The trouble with that conclusion is that virtually all of the occurrences which plaintiffs cite as the basis for their causes of action took place after May, 1999. Plaintiffs' claim is that the insurance company mishandled the investigation of the 1999 damage, and did not fully advise them of that investigation's conclusion that further soil *Page 11 
testing would be required to ascertain the true cause of the damage. Plaintiffs further claim that, had they known of such conclusion, they would have conducted further testing, which would have enabled them to prevent subsequent damage occurring after 1999. Thus, plaintiffs' claim that the insurance company's lulling them into inaction can be the basis of their claims for negligence, misrepresentation, bad faith, and breach of fiduciary duty. As damages for such causes of action, plaintiffs seek compensation for the injury to their property, which took place after 1999.
 {¶ 20} The trial court stated that it was not sure that such a duty existed, and today's majority expresses similar misgivings. Whatever infirmities such claims may have, however, the one thing that appears certain is that the causes of action did not accrue prior to the date of their constituent elements, and that, therefore, plaintiffs should be permitted to attempt to prove the legal viability of their claims, unencumbered by a misapplied statute of limitations.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1